

ORDERED in the Southern District of Florida on July 17, 2013.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF:                              CASE NO. 13-14351-RAM
ALFREDO R. ALFONSO                             CHAPTER 13

      Debtor,
_____/

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO, DE #35

THIS CASE came to be heard on July 9, 2013, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held by Wells Fargo,* (Docket Entry #35; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of Debtors' real property (the "Real Property") located at 1235 NW 120 Street, North Miami, Florida 33167, more particularly described as:

**Legal Description: Sunkist Grove, PB 8-49, Lots 16 & 17, Less E40FT, BLK 18
Lot Size 60 x 135**

is $44,000.00 at the time of filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of Wells Fargo Bank (the "Lender") is $0.00.

C.  The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $44,000.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The motion is **GRANTED.**

2.  Lender has an allowed secured claim of $44,000.00.

3.  Because Lender's secured interest in the Real Property is $44,000.00, Lender's mortgage recorded February 21, 2007 at Book 25383 Pages 1972-1985 (14 pages) in the official records of Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.  Lender has filed a proof of claim in this case (10-1). It shall be classified as a secured claim in the amount stated in paragraph two (2) above, and as a general unsecured claim in the amount of $152,536.72, regardless of the original classification in the proof of claim as filed.

5.  The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.  Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333

CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.